17 F.3d 1443
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Michael S. ATAMANTYK, Petitioner,
v.
DEPARTMENT OF DEFENSE, Respondent.
 No. 93-3376.
 United States Court of Appeals, Federal Circuit.
 Jan. 12, 1994.
 
 Before RICH, Circuit Judge, BENNETT, Senior Circuit Judge, and CLEVENGER, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 Michael S. Atamantyk petitions for review of the June 29, 1992 initial decision of an Administrative Judge (AJ), Docket No. PH0432870649-B-2, sustaining the removal of Mr. Atamantyk by the Department of Defense (agency) for unacceptable performance. The AJ's decision became the final decision of the Merit Systems Protection Board (Board) on April 28, 1993, when the Board denied review of the AJ's decision. We affirm.
 
 DISCUSSION
 
 2
 The agency removed Mr. Atamantyk on September 8, 1987, charging him with unacceptable performance in the two critical elements set forth in his performance standards. Of relevance to this appeal, the agency charged Mr. Atamantyk with failing to perform acceptably in Critical Element No. 1, entitled "writing, editing, and reviewing of JTC3A written Material." Critical Element No. 1 contained three sub-elements, labeled by the agency as "supporting tasks" having three corresponding performance standards designated as 1a, 1b, 1c. The agency charged Mr. Atamantyk, among other things, with failing to meet performance standard 1a which reads:
 
 
 3
 Material is written as required by supervisor and completed within time frame specified. Not more than three suspenses annually are missed.
 
 
 4
 Mr. Atamantyk's appeal to this court follows two earlier AJ decisions and corresponding reversals and remands by the Board, during the course of which all charges except that directed to sub-element 1a were dismissed either by an AJ or the full Board. Thus, the only issue before the AJ concerned the agency's removal of Mr. Atamantyk for failing to meet performance standard 1a.
 
 
 5
 In a detailed and thorough decision, the AJ concluded that performance standard 1a was objective, reasonable, attainable, and not absolute, and that the agency had proven that Mr. Atamantyk had performed unacceptably under this standard by failing to accomplish timely, if at all, eleven of his assignments referred to by the agency as "specifications." The AJ further concluded that it was reasonable under the circumstances of this case for the agency to rate Mr. Atamantyk's performance under Critical Element No. 1 unsatisfactory as a whole, based on his failure to perform acceptably under sub-element 1a. Accordingly, the AJ sustained the agency's removal of Mr. Atamantyk.
 
 
 6
 Mr. Atamantyk has failed to convince us in this appeal court that the AJ committed any errors in his analysis justifying reversal. This court reviews Board decisions under a very narrow standard, affirming them unless they are (1) arbitrary capricious, an abuse of discretion, or otherwise not in accordance with law, (2) obtained without procedures required by law, rule, or regulation having been followed, or (3) unsupported by substantial evidence. 5 USC Sec. 7703(c) (1988); Cheeseman v. Office of Personnel Management, 791 F.2d 138, 141 (Fed.Cir.1986), cert. denied, 479 U.S. 1037 (1987). Finding no such grounds present here, we affirm.
 
 
 7
 Many of the AJ's findings were based upon credibility determinations, and Atamantyk even argues to this court that credibility issues are at the heart of this case, that are virtually unreviewable by us, and we find nothing in the record in this case to justify our reconsidering those determinations. Hambsch v. Department of the Treasury, 796 F.2d 430, 436 (Fed.Cir.1986).